In the Matter of the Estate of GEORGE R. SHELDON, Deceased.

Surrogate's Court, New York County, April 28, 1938.

Larkin, Rathbone & Perry [*Albert B. Maginnes* and *Francis S. Bensel* of counsel], for the Central Hanover Bank and Trust Company, as executor and trustee.

*Moses & Singer* [*Alfred W. Bressler* and *Felix A. Fishman* of counsel], for the Public National Bank and Trust Company of New York, respondent.

Foley, S. This is a discovery proceeding instituted under the provisions of section 205 of the Surrogate's Court Act by the Central Hanover Bank and Trust Company, as executor and trustee under the will of the decedent, against the Public National Bank and Trust Company to enforce the delivery of certain bearer bonds of the estate or to direct the payment of the proceeds thereof which the petitioner claims are property of the estate. A preliminary question of the jurisdiction of this court is raised by the answer of the respondent bank.

The facts are undisputed. George R. Sheldon died a resident of this county on the 14th of January, 1919. His will was admitted to probate and letters testamentary were issued to Richard Whitney and the Central Union Trust, now the Central Hanover Bank and Trust Company. The executors and trustees accounted in the Supreme Court of this county and a judgment settling their accounts was entered on the 12th of June, 1929. The judgment entered in that case directed the executors to turn over to themselves as trustees the property remaining in their hands after making certain payments for commissions, administration expenses and the costs of the accounting.

On December 2, 1937, a new accounting action was brought in the Supreme Court. A summons and complaint in that action was filed with the county clerk and is entitled " Richard Whitney and Central Hanover Bank and Trust Company as trustees under the last will and testament of George R. Sheldon, deceased, plaintiffs against Mary Sheldon Murphy, Gertrude Whitney, Samuel Stevens Sands, Nancy Whitney and Alice Whitney, defendants." The complaint alleges that the plaintiffs, pursuant to the judgment entered in 1929, paid over to themselves all the assets of the estate as trustees.

In April, 1931, almost two years after the judgment settling the accounts of the executors and trustees, a reinvestment of the funds held in the hands of such trustees was made by the purchase of certain bearer bonds.

In January, 1938, Whitney hypothecated $30,000 of the bearer bonds, above mentioned, with the Public National Bank and Trust Company, together with other securities as collateral for a loan of $450,000 to him individually. Following his suspension from the New York Stock Exchange and his filing of a voluntary petition in bankruptcy the Central Hanover Bank and Trust Company demanded possession of the bonds or the proceeds thereof from the Public National Bank and Trust Company. The bonds, however, had been previously sold on March 10, 1938, by the respondent bank to liquidate Whitney's loan.

Upon the undisputed facts set forth above it is clear that the bonds in question were held as assets by the cotrustees in that capacity and not as executors. They were not additional securities which came into the hands of the executors. They were reinvestments of trust funds made by the trustees.

I hold that this court has no jurisdiction under section 205 of the Surrogate's Court Act to entertain a discovery proceeding brought by a trustee. That section limits the class of fiduciaries who may initiate such a proceeding to an executor or administrator, temporary administrator or guardian. Trustees are not mentioned in it.

Additional reason for the conclusion reached here is presented because of the appearance of the New York Yacht Club by its attorney *amicus curiæ*. It appears that certain securities of substantial value belonging to that club were hypothecated with the same loan made by the Public National Bank and Trust Company to Whitney. The proceeds of the sale of these securities, as well as those of the trust estate, are claimed to be subject to apportionment as between the club and the estate. Since the club is not a party to the pending proceeding and could not be legally made a party, its rights and those of the estate, and of other persons whose securities may have been converted and the rights of the Public National Bank and Trust Company should be determined in the Supreme Court in an appropriate action or possibly, by way of alternative procedure, in the court having jurisdiction of the bankruptcy proceeding.

Submit order on notice accordingly dismissing the proceeding.